UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JIMIR S. McMILLAN,

                          Plaintiff,
                                                          9:25-CV-0392
        v.                                                (AMN/ML)

CORRECTIONS OFFICER
JOHN DOE #1, et al.,

                          Defendants.

---

APPEARANCES:

JIMIR S. McMILLAN
Plaintiff, pro se
**LAST KNOWN ADDRESS**
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

ANNE M. NARDACCI
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

Plaintiff Jimir S. McMillan commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision and Order entered on May 8, 2025, this Court granted plaintiff's IFP Application, reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims, and found that the following claims survived sua sponte review: (1) plaintiff's First Amendment retaliation claims against defendants John Doe #1 and

1

John Doe #9-11; (2) plaintiff's Fourth Amendment unlawful search claim against defendant John Doe #2; (3) plaintiff's Eighth Amendment excessive force and sexual assault claims against defendants John Doe #1, John Doe #2, John Doe #6, John Doe #9, and John Doe #10; (4) plaintiff's Eighth Amendment failure-to-intervene claims against defendants John Doe #3, John Doe #4, John Doe #5, and John Doe #11; and (5) plaintiff's Fourteenth Amendment equal protection claim against defendant John Doe #2.  Dkt. No. 4 ("May 2025 Order").  Because plaintiff was not able to identify any of the "Doe" defendants with sufficient clarity to effect service upon them, the Court directed the Clerk to send a copy of the complaint and the May 2025 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full names of the "Doe" defendants.  *Id*. at 23-26.

On June 9, 2025, a representative from the New York State Attorney General's Office provided certain information to assist plaintiff with the identities of certain "Doe" defendants. *See* Dkt. No. 7 ("Status Report").  The Status Report specifically indicated that Correction Officers Chris Howard and Brandon Czeipal escorted plaintiff to an unidentified location on June 21, 2024.  *Id*.

By Text Order entered on June 20, 2025, the Court directed plaintiff to review the Status Report and, within thirty (30) days, submit an amended complaint substituting named defendant(s) in place of the "Doe" defendant(s).  Dkt. No. 8 ("June 2025 Text Order").[1] Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil

---

[1] In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk was directed to send him a copy of his Complaint.  *See* June 2025 Text Order.

Procedure and Northern District of New York Local Rule 41.2(a)."  *Id*.

Although plaintiff failed to timely comply with the June 2025 Text Order, in September 2025, the Court received a notice of change of address from him.  *See* Dkt. No. 10.  By Text Order entered on October 21, 2025, the Court extended plaintiff's deadline to comply with the June 2025 Text Order and once again advised him that his failure to timely comply would result in the dismissal of this action.  Dkt. No. 11.

Thereafter, the Court received a letter from plaintiff advising that he is "still unable to identify at least one 'Doe' defendant by name" based on the documents provided to him by the New York State Attorney General's Office.  Dkt. No. 12.  By Text Order entered on December 8, 2025, the Court informed plaintiff that he does not need to identify all "Doe" defendants by name in order for this case to proceed to discovery.  Dkt. No. 13 ("December 2025 Text Order").  In light of plaintiff's implicit acknowledgment that he is in possession of information sufficient to identify at least one official involved in the events that give rise to his remaining claims, the Court also advised plaintiff that he must file an amended complaint "that identifies at least one named official as a defendant" for this case to proceed.  *Id*.

Instead of complying with the December 2025 Text Order, plaintiff filed an amended complaint naming all of the same "Doe" defendants as he named in the original complaint, including the "Doe" defendants that were dismissed from the action in the May 2025 Order. *See* Dkt. No. 14.

By Decision and Order entered on January 26, 2026, the Court directed the Clerk to strike the amended complaint from the record, and ordered that a representative from the New York State Attorney General's Office supplement the Status Report as follows, within thirty (30) days: (1) clarify where and when (time of day) the escort referenced in the Status

Report occurred; (2) provide plaintiff with all documents relied on to determine the same that would otherwise be produced during discovery in accordance with Fed. R. Civ. P. 26; (3) provide plaintiff with documents related to or evidencing a "pat frisk" that occurred on or about June 21, 2024, if any such documents exist; (4) provide plaintiff with documents related to his movement from Building 1 to Building 27 on June 21, 2024, including documentation showing the operator of the transport bus and the escorting officials; and (5) provide plaintiff with the name of the Housing Unit Officer assigned to plaintiff's housing area after dinner on June 24 and June 25, 2024.  Dkt. No. 15 ("January 2026 Order").  The Court further ordered plaintiff to file, within thirty (30) days of his receipt of supplemental documentation from the Attorney General's Office, either an amended complaint substituting at least one named defendant in place of at least one "Doe" defendant, or documentation explaining why he is unable to do so despite his receipt of supplemental information and the identification of Correction Officers Chris Howard and Brandon Czeipal in the Status Report.  *Id*.  Plaintiff was further advised that in the event he fails to timely comply with the directive in the January 2026 Order, this action would be dismissed without prejudice without further Order of the Court.  *Id*.

In response to the January 2026 Order, counsel for the New York State Attorney General's Office filed a detailed status report regarding the potential names of three remaining "Doe" defendants in this action.  Dkt. No. 18 ("Supplemental Status Report").  Counsel also represented in the Supplemental Status Report that certain documents were provided to plaintiff, and additional documents will be available for review at the discovery stage.  *Id*.

By Text Order entered on March 2, 2026, the Court directed plaintiff to review the Supplemental Status Report and, within thirty (30) days, submit an amended complaint

4

substituting at least one named defendant in place of at least one "Doe" defendant. Dkt. No. 19 ("March 2026 Text Order"). On March 17, 2026, the March 2026 Text Order was returned to the Court as undeliverable, with a notation on the envelope that reads, "RETURN TO SENDER NOT HERE[.]" Dkt. No. 21.

According to information publicly available on the website for the New York State Department of Corrections and Community Supervision, plaintiff was released from custody on parole on March 4, 2026. *See* http://nysdoccslookup.doccs.ny.gov (last visited July 27, 2026). Plaintiff has not filed a notice of change of address or any other documentation that would indicate a current address for correspondence.[2]

## II.    DISCUSSION

More than four months have passed since the entry of the March 2026 Text Order, and plaintiff has failed to submit a proposed amended complaint or seek an extension of time to do so. In fact, plaintiff has not communicated with the Court in any respect since before the issuance of that Order.

Rule 10.1(c)(2) of the Local Rules of Practice of the Northern District states, in relevant part, that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).[3] This notification is essential to the orderly disposition of cases. Indeed, as previously noted in this District:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest

---

[2] Plaintiff was advised in the May 2025 Order that he must "promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in [his] address" and that "his failure to do so may result in the dismissal of this action[.]" *Id*. at 26-27.

[3] Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b).

> that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

This matter cannot proceed without plaintiff's notification to the Court of his current address, and a pleading that identifies at least one named defendant for service. Moreover, plaintiff was aware of his obligation to file an amended complaint upon his receipt of the Supplemental Status Report, and he was aware of his obligation to maintain a current address before this time, yet he has failed to do either of these things. Thus, it is unclear whether plaintiff wishes to continue with this action.

Accordingly, if plaintiff wishes to proceed with this action, he must do the following within thirty (30) days: (1) notify the Court of his current address; and (2) file an amended complaint that identifies at least one defendant by name as directed in the January 2026 Order and March 2026 Text Order. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action without prejudice, without

further order of this Court.  *See Lyons v. City of New York*, No. 14-CV-9697, 2016 WL 3647694, at \*4 (S.D.N.Y. June 30, 2016) ("The Court ordered Lyons to file a Second Amended Complaint naming the John Doe defendants within thirty days of receiving information about their identities from the City's counsel (see Docket No. 8), and subsequently reminded him of that obligation (see Docket No. 22). Lyons appears to believe that he did so (see Docket No. 23), but he did not. More importantly, he also failed to serve the John Doe Defendant identified by the City within the deadline set by Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, Lyons's claims against the John Doe captain must be and are dismissed for failure to serve as well."); *Wilson v. Doe*, No. 14-CV-6465, 2015 WL 4619936, at \*2 (S.D.N.Y. July 29, 2015) (dismissing claims for failure to comply with a court order and failure to timely identify and serve a John Doe defendant despite the Court's efforts to assist him); *Dellutri v. Doe*, No. 11-CV-4396, 2012 WL 4714764, at \*1 (S.D.N.Y. Oct. 2, 2012) ("Magistrate Judge Gorenstein properly determined that Plaintiff's complaint should be dismissed without prejudice for failure to comply with this Court's July 14, 2011 Order to amend his complaint within 30 days of receiving the names and addresses of the Doe defendants, and for failing to serve them within 120 days of the filing of the complaint pursuant to Fed.R.Civ.P. 4(m)").

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff must do the following within thirty (30) days if he wishes to proceed with this action: (1) notify the Court of his current address; and (2) file an amended complaint that identifies at least one defendant by name as directed in the January 2026 Order and March 2026 Text Order; and it is further

**ORDERED** that in the event plaintiff fails to timely comply with this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice without further Order of this Court and close the case; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, this matter shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, along with a copy of the docket sheet, the Supplemental Status Report (Dkt. No. 18), and the complaint (Dkt. No. 1) at his last known address.

**IT IS SO ORDERED**.

Dated: <u>August 3, 2026</u>
      Albany, NY

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge